UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DILLON,

       Movant,

                                      File No. 1:05-CV-773

v.

                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

_____/

**O P I N I O N**

This matter comes before the Court on Movant John Dillon's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on March 19, 2002.

**I.**

On December 20, 2001, Movant entered a plea of guilty in this Court to one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, 841(b)(1)(A)(i), (iii). On March 19, 2002, he was sentenced to 240 months in prison. Movant did not appeal his sentence.

On April 27, 2005, Movant sent a letter to this Court, inquiring about the status of his appeal. He represented that he had intended to file an appeal and that he timely completed the appeal packet and gave it to jail staff for mailing. Movant further stated that, shortly before writing to the Court, he had begun to wonder about the status of his appeal because

he had heard nothing from his trial attorney in the three years since he was sentenced. Movant was advised by the Court on August 29, 2005 that no appeal had been filed in his criminal case. Movant was directed to make further inquiries with his attorney.

Movant filed the instant § 2255 motion on November 17, 2005, alleging that his attorney provided ineffective assistance by failing to file an appeal after being expressly directed to do so by Movant. Upon preliminary review, the Court noted that the § 2255 motion appeared to be untimely and issued an order to show cause (Docket #49) why the case should not be summarily dismissed as time-barred. Movant now has filed a response to the order to show cause (Docket #50).[1]

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)

---

[1]The order to show cause and Movant's response were mistakenly filed in the original criminal action, *United States v. Dillon*, No. 1:01-cr-124 (Docket ##49, 50), rather than in the instant civil action. The Court takes judicial notice of those filings and considers them as if they had been filed in the instant case.

(citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## III.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period.  *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998). Since the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), § 2255 motions have been subject to a one-year limitation period.  "Prior to this amendment, a party could bring a § 2255 motion at any time." *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997). As amended, § 2255 ¶ 6 states as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final, pursuant to § 2255 ¶ 6(1).  When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires.  *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).  Judgment was entered in this case on March 19, 2002.  The judgment became final on April 2, 2002, upon the expiration of the ten-day period for filing a notice of appeal. Petitioner had one year, until April 2, 2003, in which to timely file a motion under § 2255.

4

The instant motion was filed on or about November 10, 2005,[2] three-and-one-half years after the statute of limitations expired. Accordingly, Petitioner's action is time-barred under § 2255 ¶ 6(1).

The one-year statute of limitations contained in § 2255 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Movant suggests that he is entitled to equitable tolling of the statute of limitations because he directed his attorney to file an appeal and erroneously but reasonably believed the

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on November 10, 2005, and it was received by the Court on November 17, 2005. Thus, it must have been handed to prison officials for mailing at some time between November 10 and November 17, 2005.

appeal was pending until at least March 2005.  He appears to suggest that his attorney's failure to file the appeal as directed constitutes ineffective assistance of counsel and serves as grounds for equitable tolling of the statute.

Movant fails to demonstrate either element of the *Pace* test. With respect to the first prong, Movant makes no effort to demonstrate the necessary diligence.  *See Pace*, 125 S. Ct. at 1814.  He does not explain how his counsel's failure to file an appeal prevented him from filing the instant motion within the one-year statute of limitations. Indeed, according to the information contained in his motion, attached exhibits, and response to the order to show cause, Movant did not attempt to contact his attorney until March 2005, nearly three years after his conviction became final.  His attorney notified him that no appeal had been filed before April 27, 2005, the date of Movant's first letter to this Court.  Yet Movant did not attempt to file his § 2255 motion until another six months had passed.  Movant clearly has not demonstrated diligence in pursuing his rights. *See Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir.2002) (noting that the petitioner "did not explain why he waited three years after the conclusion of his direct appeal before seeking collateral relief in state court"); *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. 2001) (noting that the petitioner "offers no explanation for his failure to file during this period").

Further, Movant has not demonstrated that some extraordinary circumstance prevented him from filing his § 2255 motion.  *See Pace*, 125 S. Ct. at 1814.  To the extent Petitioner places the blame for his untimeliness on his attorney, an attorney's mistakes and lack of due

diligence in preserving a claimant's rights generally do not warrant equitable tolling of the statute. *See Stanley v. McKune*, 133 Fed. Appx. 479, 480 (10th Cir. 2005) (attorney failure to file allegedly requested appeal cannot support equitable tolling). *See also Martin v. Hurley*, 150 Fed. Appx. 513, 516 (6th Cir. 2005); *Elliot v. DeWitt*, No. 00-3329, 2001 WL 523527, at * 1 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001) (collecting cases); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). Furthermore, the fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Therefore, Petitioner is not entitled to equitable tolling.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:    January 9, 2006        /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                CHIEF UNITED STATES DISTRICT JUDGE